UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES KISTLER, et al.,<br>    Plaintiffs,<br><br>    v.<br><br>STANLEY BLACK & DECKER, INC., et al.,<br>    Defendants. | No. 3:22-cv-966 (SRU) |

### ORDER ON MOTIONS FOR LEAVE TO PARTICIPATE AS AMICI CURIAE

The instant case is an Employee Retirement Income Security Act action, 29 U.S.C. § 1132, brought by James Kistler and Lisa Lang, participants in the Stanley Black & Decker Retirement Account Plan, individually and on behalf of a class of similarly situated members of the plan. The defendants in this case are Stanley Black & Decker Inc. and several unknown Does. The defendants recently filed a motion to dismiss. Doc. No. 37. Subsequently, two movants have filed motions for leave to participate as amicus curiae and file amicus briefs in support of the defendants' pending motion to dismiss: the Chamber of Commerce, doc. no. 48; and the American Benefits Council, the ERISA Industry Committee, the American Retirement Association, and the Committee on Investment of Employee Benefit Assets Inc. [hereinafter "ABC, ERIC, ARA, and CIEBA"], doc. no. 43. The plaintiff has filed briefs opposing both motions. *See* Doc. No. 51; Doc. No. 52. Additionally, the Chamber of Commerce has filed a reply to the plaintiff's opposition of its motion. *See* Doc. No. 54. For the reasons explained below, I **grant** both motions to the extent they seek permission to file amicus briefs, but I deny the motions to the extent they seek leave to participate as amicus curiae in any other way. I also permit the plaintiff to file a single brief responding to both amicus briefs, which shall be filed by **February 24, 2023**.

**I.    Discussion**

"[D]istrict courts have broad inherent authority to permit or deny an appearance as amicus curiae in a case." *Ross v. Mellekas*, 2020 WL 8680019, at *1 (D. Conn. Aug. 5, 2020) (quoting *Onondaga Indian Nation v. State of New York*, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997)); *see also Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014) ("[T]he decision to grant leave to file a brief *amicus curiae* is in the firm discretion of the court."). "There is no governing standard, rule or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court." *Ross*, 2020 WL 8680019, at *1 (quoting *Onondaga Indian Nation*, 1997 WL 369389, at *2).

In the absence of clear governing standards, district courts have looked to Rule 29 of the Federal Rules of Appellate Procedure for guidance. *See, e.g.*, *Schaghticoke Tribal Nation v. Norton*, 2007 WL 9719292, at *1 (D. Conn. Aug. 2, 2007); *Greenpoint Mortg. Funding, Inc.*, 2014 WL 265784, at *2. Rule 29 of the Federal Rules of Appellate Procedure instructs that an "amicus curiae may file a brief only by leave of court or if the brief states that all parties have consented to its filing." Fed. R. App. P. 29(a).  Since not all parties have consented to the filing of either proposed amicus briefs, *see* doc. no. 51, doc. no. 52, the organizations may only participate as amicus curiae by leave of this Court.

"An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997); *see also Schaghticoke Tribal Nation v. Norton*, 2007 WL 9719292, at *3 (quoting

*Ryan*, 125 F.3d at 1063). Moreover, "*amici* need not be completely disinterested in the outcome of the litigation" to provide those perspectives. *C & A Carbone, Inc.*, 2014 WL 1202699, at *4 (S.D.N.Y. Mar. 24, 2014); *Neonatology Assocs., P.A. v. Comm'r Internal Revenue*, 293 F.3d 128, 131 (3d Cir. 2002) (stating that the requirement that an amicus must be impartial "became outdated long ago"). Nor is amici participation necessarily defeated if "some of the arguments proffered in the proposed *amicus* brief are duplicative of those raised by" a party. *C & A Carbone*, 2014 WL 1202699 at *4.

Finally, "it is preferable to err on the side of granting leave" at the early stage of a case. *See Neonatology Assocs.,* 293 F.3d at 133. If, after "thoroughly studying" the briefs and materials, "an amicus brief . . . turns out to be unhelpful," the Court can "simply disregard the amicus brief." *Id*. at 132-33. However, "if a good brief is rejected," the Court "will be deprived of a resource that might have been of assistance." *Id*.

Both sets of movants have articulated an ability to provide unique information or perspectives that may help this Court "beyond the help that the lawyers for the parties are able to provide." *Ryan*, 125 F.3d at 1063. The Chamber of Commerce, *inter alia*, provides a unique perspective as "the world's largest business federation" with a diverse membership. *See* Doc. No. 48 at 1. ABC, ERIC, ARA, and CIEBA may also provide a unique and helpful perspective because they have broad employer memberships and represent those "employers in their capacity as sponsors of employee benefit plans." *See* Doc. No. 43 at 2. Accordingly, I grant both movants' motions for leave to file amicus briefs.

**II.   Conclusion**

For the foregoing reasons, I **grant** ABC, ERIC, ARA, and CIEBA's motion to file an amicus brief, doc. no. 43, and I **grant** the Chamber of Commerce's motion to file an amicus

brief, doc. no. 48. Amici are instructed to electronically file their amicus briefs forthwith. Additionally, I permit the plaintiff to file one, single brief responding to both amicus briefs. The deadline for the plaintiff's response brief shall be **February 24, 2023**.

    So ordered.

Dated at Bridgeport, Connecticut, this 25th day of January 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
